941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven C. PELTO, Defendant-Appellant.
 No. 90-2206.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1991.
 
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 The defendant, Steven C. Pelto, appeals the order of the District Court directing him to comply with administrative summonses issued by the Internal Revenue Service. The issue presented in this appeal is whether the District Court correctly decided that the defendant could not assert the Fifth Amendment privilege against self-incrimination as a defense to the administrative summonses. We affirm the decision of the District Court for the reasons set forth below.
 
 
 2
 The defendant operates Look Realty Company as a sole proprietor. The Internal Revenue Service is conducting an investigation into the tax liability of the defendant for the years 1984, 1985, 1986 and 1987. In furtherance of its investigation the Internal Revenue Service issued four administrative summonses to the defendant, both individually and as president of Look Realty Company. The summonses requested the defendant to give testimony and to produce certain books, records and papers regarding the income and expenses of Look Realty Company and various rental units and coin-operated machines owned by the defendant. The defendant refused to comply with the summonses and asserted that he had a Fifth Amendment right against self-incrimination not to testify or produce records. After the defendant refused to comply with the summonses the Internal Revenue Service filed a petition in the District Court seeking judicial enforcement of the summonses.
 
 
 3
 The District Court ordered the defendant to appear before the United States Magistrate to show cause why the summonses should not be enforced. Before the hearing in front of the Magistrate, the defendant voluntarily appeared before the Internal Revenue Service and gave testimony, but refused to produce the requested records. The defendant admitted to the Internal Revenue Service that the records requested in the summonses existed and were in his control. He also admitted that the records were prepared and maintained by his secretaries, Penny Britton, Dona Hansen, and Jean Wally.
 
 
 4
 Because the defendant failed to produce the records, the Internal Revenue Service filed an amended petition to enforce the summonses. A show cause hearing was held before the Magistrate at which time the defendant argued that the act of producing the records would be incriminating and asserted the Fifth Amendment. The Magistrate found that the defendant failed to show that his production of documents would involve testimonial self-incrimination and ordered the defendant to comply with the summonses.
 
 
 5
 The defendant appealed the decision of the Magistrate to the District Court. The District Court conducted a de novo review of the petition to enforce the administrative summonses. The District Court agreed with the decision of the Magistrate and found that the defendant failed to overcome the Internal Revenue Service's showing that the act of producing the documents would not infringe upon his Fifth Amendment right against self-incrimination. The defendant applied to the District Court and then to this Court for a stay pending appeal. The defendant's Motions for a Stay were denied. The defendant states that on November 13, 1990 he produced the requested records but the Service maintains that the defendant has not produced all of the records and has instituted contempt proceedings in the District Court.
 
 
 6
 We hold that the ordered production of documents does not violate the defendant's privilege against self-incrimination.
 
 
 7
 In order to decide the case before us, we look to United States Supreme Court cases that consider when a compelled production of documents violates the Fifth Amendment privilege against self-incrimination.
 
 
 8
 The Supreme Court has held that the Fifth Amendment does not bar the compelled production of all evidence merely because it is incriminating but bars only compelled testimonial communication that is incriminating. Fisher v. United States, 425 U.S. 391, 408 (1975). While the Fifth Amendment on its face applies only to individuals, the Supreme Court has recognized that sole proprietors enjoy limited protection under the Fifth Amendment. United States v. Doe, 465 U.S. 605 (1983). A sole proprietor cannot avoid compliance with a supoena merely by asserting that business records contain incriminating evidence. Business records usually are prepared voluntarily and are not considered compelled testimony for Fifth Amendment purposes. Id. at 610. The Supreme Court, however, has held that in some circumstances the act of producing business documents may be incriminating and have some testimonial aspects. Id. at 612. The Supreme Court has recognized that the act of producing documents under a government supoena may compel the holder of the documents to concede their existence and possession, and may authenticate them as well. Id. at 613. Whether any given production of documents is testimonial and incriminating depends on the facts and circumstances of the particular situation. 425 U.S. at 410. In order to determine whether an act of production rises to the level of compelled, incriminating testimony for purposes of the Fifth Amendment, the Supreme Court has looked at the testimonial value of a taxpayer's act of production and whether or not the existence, location and authenticity of the requested documents was a foregone conclusion. Id. at 411. Furthermore, this Court has held previously that where nothing more is involved than surrendering materials already in existence, fully identified and requiring no authentication by the taxpayer, testimony is not involved. United States v. Schlansky, 709 F.2d 1079, 1082 (6th Cir.1983). Schlansky involved a situation where a taxpayer refused to comply with an administrative summons on the basis of the Fifth Amendment. The documents at issue were worksheets prepared by the taxpayer's accountants with the taxpayer's supporting documents attached thereto, the taxpayer's bank accounts, summaries of account activities, statements of interest earnings, cancelled checks written by taxpayer's wife, copies of church contribution records, and copies of corporate tax returns. In finding against the taxpayer the Court held that there was no serious question as to the existence or location of the requested documents because the government's summons were quite specific. Furthermore, the Court found that no authentication was required of the taxpayer because the documents could be authenticated by others. Id. at 1083.
 
 
 9
 In reviewing the defendant's Fifth Amendment claim we look to whether the defendant's act of producing the requested documents would serve to prove their existence, location and authenticity. Defendant has admitted that he has possession and control of the documents requested by the Service, and thereby already has conceded their existence and location. Furthermore, the defendant also has admitted that the documents requested by the summonses were prepared by his secretaries. Thus, the documents can be authenticated without reference to his testimony. Because defendant's act of producing the requested documents would not serve to prove their existence, location or authenticity, the ordered production of records does not violate the defendant's right against self-incrimination.
 
 
 10
 The order of the District Court directing the defendant to comply with the summonses is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation